UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTA J. SANTOS, | 1:12-CV-01651 LJO GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| K. HOLLAND, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the lawfulness of confinement or to particulars affecting its duration." Hill v. McDonough, 547 U.S. 573, 579 (2006); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Preiser v.

1  Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing
2  Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper
3  method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500
4  U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee
5  Notes to Rule 1 of the Rules Governing Section 2254 Cases.  Additionally,  "habeas jurisdiction is
6  absent, and a § 1983 action proper, where a successful challenge to a prison condition will not
7  necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.2003).

8          In this case, Petitioner claims he has been wrongfully validated as a member of the Mexican
9  Mafia gang. He alleges that as a result of his gang validation he has been placed in the secured
10 housing unit ("SHU") in violation of his due process rights.  He further complains that his placement
11 in the SHU will forever bar him from being granted parole.

12         Petitioner's claims concern the conditions of his confinement and are not cognizable in
13 federal habeas corpus. McCarthy, 500 U.S. at 141-42.  Petitioner alleges the length of his sentence is
14 indirectly affected because he will always be denied parole since he is in the SHU and because he is
15 considered a gang member.  First, he does not point to any California regulations precluding parole
16 for a SHU inmate, nor is the Court aware of any such authority.  Second, Petitioner's status as a gang
17 member is a result of his own actions.  Moreover, while gang membership is a factor that may be
18 taken into account by the Board of Parole Hearings in its parole determination, it is only one of many
19 factors, and all factors must be considered.  Cal. Code Regs., tit. 15, § 2402(b).  The presence of one
20 negative factor does not foreclose a grant of parole.  Rather, the ultimate decision is whether the
21 inmate will pose an unreasonable risk of danger to society if released.  Cal. Code Regs., tit. 15,
22 § 2402(a).  Whether or not Petitioner's present SHU status will have an impact on a future parole
23 decision is completely speculative.  It may be a negative factor, a non-factor, or one of many factors
24 considered.  Therefore, it is not known what effect, if any, a grant of relief in this case will have on a
25 future parole decision.  Accordingly, habeas jurisdiction does not lie in this case. Ramirez, 334 F.3d
26 at 859.

27         Since Petitioner's challenges to his classification as a validated gang member concern the
28 conditions of confinement, he must bring his claims by way of a civil rights complaint pursuant to 42

U.S.C. § 1983. The instant petition should be dismissed for lack of jurisdiction.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 23, 2012**            /s/ **Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE